IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM, #1998535
       Petitioner       :

  v.                                          :  CIVIL ACTION NO. CCB-06-2038

DISTRICT COURT FOR BALTIMORE     :
COUNTY
       Respondent      :

## MEMORANDUM

On August 4, 2006, this court received a letter complaint from Paul Graham, presently detained at the Baltimore City Detention Center, alleging that the district court in Baltimore County has failed to process his appeal because he cannot pay the filing fee. The letter preliminarily was construed as a mandamus request and docketed pursuant to 28 U.S.C. § 2241. Given petitioner's status as an incarcerated individual, the undersigned will grant him in forma pauperis status.

Petitioner is neither raising a challenge to the execution of a state sentence nor raising a substantive attack on any conviction or sentence imposed by the Baltimore County district court. Rather, he is raising a challenge to the state district court's decision to deny the processing of an appeal absent payment of the appropriate filing fee and and is seeking to compel the state court to vacate that decision. This federal court has no jurisdiction to compel such action. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Moreover, to the extent that petitioner is seeking review of those decisions, this court lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[1] *See* 28 U.S.C. § 1257.

---

[1] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine") that a United States District Court has no authority to review final judgments of a state court in judicial proceedings except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

For the foregoing reasons, the instant action shall be dismissed without requiring an answer from respondents. A separate Order follows.


Date:  August 21, 2006                                    /s/                        
                                             Catherine C. Blake
                                             United States District Judge